**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ABG PRIME GROUP, INC.,

    Plaintiff,

                      v.                      Case No. 17-13257

MIXED CHICKS, LLC,

    Defendant.

_____/

**ORDER DENYING IN PART PLAINTIFF'S "MOTION FOR *EX PARTE* TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION," REQUIRING SERVICE FORTHWITH, AND SETTING A STATUS CONFERENCE**

Plaintiff filed its Complaint (Dkt. #1) on October 4, 2017. Currently before the court is Plaintiff's "Motion for *Ex Parte* Temporary Restraining Order and/or Preliminary Injunction" filed the same day. (Dkt. #2.) Defendant has not been served. For the following reasons, the court will deny the motion for a temporary restraining order.

When evaluating a motion for a temporary restraining order ("TRO"), a district court must strictly adhere to the requirements of Federal Rule of Civil Procedure 65. *Leslie v. Penn C. R. Co.*, 410 F.2d 750, 751 (6th Cir. 1969) (quoting *Austin v. Altman*, 332 F.2d 273, 275 (2d Cir. 1964)). Rule 65 states in relevant part that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). When evaluating whether to grant a TRO, the court must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether

the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be served by granting the [TRO]." *N.E. Ohio Coal. for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006) (citations omitted). These factors are "interrelated considerations that must be balanced together," not independent prerequisites. *Id.* (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991)). A TRO, however, is a form of emergency relief and requires that a plaintiff would suffer "immediate and irreparable injury, loss, or damage . . . *before* the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(A).

The court has reviewed Plaintiff's motion and complaint, and it finds that the requirements for issuing a TRO are not met. Specifically, the court is unconvinced that the Plaintiff will suffer *irreparable* harm before the Defendant can be heard in opposition. Rather, it seems to the court, the harm contemplated by Plaintiff is one of money damages that can be determined, if necessary, at a later date. Accordingly,

IT IS ORDERED that

1. Plaintiff's "Motion for *Ex Parte* Temporary Restraining Order and/or Preliminary Injunction" is DENIED with respect to the request for a temporary restraining order,

2. Plaintiff is directed to serve Defendant no later than October 23, 2017, and

3. the parties appear for a status conference on **October 19, 2017 at 2:30 pm at the Federal Building and Courthouse, Port Huron, Mi**

                                                s/Robert H. Cleland            /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 6, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 6, 2017, by electronic and/or ordinary mail.

                                                s/Lisa Wagner                   /
                                                Case Manager and Deputy Clerk
                                                (810) 292-6522

S:\Cleland\KNP\Civil\17-13257.ABG.deny.TRO.set.status.conference.KNP.docx